Filed 07/03/24

VERMONT SUPERIOR COURT
Addison Unit
7 Mahady Court
Middlebury VT 05753
802-388-7741
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-01214

---

Hon. James H. Douglas, Special Administrator of the Estate of John Abner Mead v. The President and Fellows of Middlebury College

---

## Ruling on Middlebury's Motion for Protective Order

The principal dispute in this case is whether Middlebury had the authority to change the name of the Mead Memorial Chapel. Middlebury claims that it did and has filed a motion for summary judgment by which it intends to resolve all of Governor Douglas's claims to the contrary in its favor. Shortly after Middlebury filed that motion, Governor Douglas noticed the deposition of Middlebury College President Laurie Patton. Middlebury now seeks a Rule 26(c) protective order staying all depositions until its summary judgment motion is resolved and, separately, relieving Ms. Patton of any obligation to be deposed. The parties agreed that any deposition of Ms. Patton would be held in abeyance pending resolution of Middlebury's motion for a protective order. Thus far, Governor Douglas has not sought to depose anyone else.

Protective orders are available "for good cause shown." V.R.C.P. 26(c). "This puts the burden on the party seeking relief to show some plainly adequate reason therefor. The courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in order to establish good cause." 8A Wright & Miller, Fed. Prac. & Proc. Civ. § 2035 (3d ed.) (footnote omitted).

As the court explained in its dismissal decision, the pivotal question of whether the transaction between Governor Mead and Middlebury sounds in contract or gift law likely will come down to a potentially subtle question of intent. Ruling on Middlebury's Motion to Dismiss at 5 (filed August 4, 2023). Middlebury argues that because no fact witnesses are alive, evidence of that intent will be confined to the written record, and that discovery is complete. There is, in its view, no point to deposing any living witnesses. At a minimum, Middlebury seeks to delay any depositions until after the court rules on its summary judgment motion to avoid any inefficiencies and inconvenience in the event the court rules in its favor. Moreover, argues Middlebury, Ms. Patton should be exempt from deposition altogether due to her marginal involvement in underlying events, the demands on her time and attention as College President, and the availability of other witnesses to testify to anything of relevance that she might.

Governor Douglas argues that Ms. Patton was involved in and has personal knowledge, at least to some extent, about the decision making leading to the name-change and that such testimony is relevant to the claim of breach of the implied covenant

of good faith and fair dealing. The Court notes this claim is not well explicated in the complaint or the record otherwise. However, Middlebury's summary judgment motion does not explore it except insofar as Middlebury argues that there never was a contract, and so there never could have been an implied covenant. In other words, if Governor Douglas's contract claim survives summary judgment at all, his implied covenant claim necessarily does as well. Middlebury has not challenged the latter claim on the facts.

It is apparent, then, that any need to depose witnesses is unnecessary to the briefing of the summary judgment motion, and Governor Douglas does not argue otherwise. On the other hand, the only deposition sought is that of Ms. Patton, and the record reflects that she will be leaving Middlebury to pursue other opportunities in January 2025, at which time her availability for deposition will be diminished.

The court declines to rule that Ms. Patton is not subject to deposition at all. Middlebury's contentions that she has little relevant testimony to provide is inconsistent with its expressed fear that preparation and deposition time will have a severe impact on her day-to-day responsibilities. And the implication that Governor Douglas may have impure motives in seeking her deposition is speculative at best. Governor Douglas expressly asserts: "Plaintiff is well aware of the President's busy schedule and has no desire to impair her functioning in her position. If she has little knowledge as Defense counsel suggests, then it will be a brief deposition and should not require any significant preparation time." Plaintiff's Response to Defendant's Motion for Protective Order at 1 (filed June 18, 2024). The court takes him at his word. Good cause to relieve Ms. Patton of any duty to appear for deposition has not been shown.

But for her January 2025 departure from Middlebury employment, however, there is no apparent need to depose her (or anyone else) before Middlebury's summary judgment motion is decided. To the extent that the motion could resolve the case in Middlebury's favor, there are potential efficiencies in waiting on depositions.

The court concludes that the just and efficient path forward is to grant Middlebury's motion subject to a condition. See V.R.C.P. 1 (noting that the civil rules "shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action"). It is granted to the effect that no depositions may be conducted until the court resolves Middlebury's motion for summary judgment. But, because the timing of such a ruling cannot be predicted, the stay on depositions is conditioned on an express assurance reflecting Middlebury's and Ms. Patton's assent for her to be reasonably available for deposition following a summary judgment ruling, regardless whether she remains employed by Middlebury at that time.

## Order

For the foregoing reasons, Middlebury's motion for a protective order is granted. Depositions are conditionally stayed pending a ruling on Middlebury's summary judgment motion. If Middlebury fails to satisfy the described condition with an appropriate filing within 30 days, Governor Douglas may petition the court to dissolve

the stay.

SO ORDERED this 2nd day of July, 2024.

_____
Robert A. Mello
Superior Judge